## BLAIR ET AL. *v.* WASHINGTON.

[No. 11,240.    Filed December 23, 1921.    Rehearing denied March 10, 1922.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Evidence.—Expert Testimony.—Weight.*—In a proceeding for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918), expert testimony as to the condition of an injured eye is competent, though not necessarily controlling, and it is for the Industrial Board, in determining the amount of compensation under §31 of the act, to determine its force and effect and consider such testimony, along with other competent testimony. p. 699.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Awards.—Sufficiency.—Discretion of Industrial Board.*—It is not necessary that the Industrial Board state in its award the method by which it reached its result, and its discretion will not be disturbed on appeal unless an abuse thereof appears. p. 699.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by James Washington against James N. Blair, Joseph Kerr and William Murphy, doing business under the firm name of Blair, Kerr and Murphy, in which there was an award for applicant. Subsequently the employer and the Ocean Accident and Guarantee Corporation, Limited, applied for a modification and termination of the award on account of a change in conditions, and from a denial of their application, they appeal. *Affirmed.*

*Elmer E. Stevenson,* for appellants.
*John F. Regester,* for appellee.

NICHOLS, J.—This was a proceeding before the Industrial Board, wherein appellants sought by their application to have the Industrial Board modify and terminate on account of a change in conditions, an award of compensation to appellee for personal injury received by him while in the employ of appellant company.

Appellee's left eye was injured by flying pieces of stone so that it had to be removed, and the right eye suffered from sympathy, and it was injured by small particles of stone. Compensation had been awarded to appellee for 160 weeks because of such injury. The application for review of the award is based upon an alleged change of conditions. Appellants contend that because of such change the compensation should terminate. Appellants have paid 133 weeks of compensation.

The substantial question involved in this appeal is as to whether the evidence was sufficient to sustain the award of the Industrial Board denying the petition of appellants for the modification of the original award.

We have carefully examined the evidence in this case and have no hesitation in saying that there is not only some evidence to sustain the finding of the Industrial Board but that such evidence is abundant.

The award is affirmed.

## ON PETITION FOR REHEARING.

NICHOLS, J.—Counsel for appellant, on petition for rehearing, asks us to determine what force and effect is to be given to expert testimony on facts like those involved in the present case, and as to whether such testimony is to be taken as controlling. We cannot go further than to say that such testimony, as in case of a jury trial, is competent for the Industrial Board to hear and consider. It is for the board to determine its force and effect, to weigh it, as it does other testimony. For this court to say that such testimony must be taken as controlling is to say, in effect, that appellant through its expert, unless contradicted by another expert, may fix the amount of impairment, and as a result, the amount of compensation, thereby in effect dispensing with the services of the Industrial Board. Nor do we agree with appellants' counsel that

appellee's evidence as to the condition of his eyes shall have no probative force. Such evidence is to be considered by the board along with other evidence, expert and otherwise, and after hearing all of the evidence the board under the provisions of §31 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 Burns' Supp. 1921, in force at the time of the accident, determines the amount of compensation to be allowed. It is not necessary that the board state in its award the method by which it reached its result, and its discretion will not be disturbed by this court unless an abuse thereof appears. The petition for rehearing is denied.